ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JORGE N. BETANCOURT, CRL<br><br>DEMANDANTES APELANTE<br><br>V.<br><br>L.C.A. CONTRACTORS, INC.;<br>L.C.A. CONSTRUCTION &<br>MANAGEMENT, INC.<br><br>DEMANDADOS APELADOS | KLAN202400528 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de San Juan<br><br>Caso Núm. SJ2023CV00999<br><br>Sobre:<br><br>INCUMPLIMIENTO DE CONTRATO, DAÑOS |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 17 de julio de 2024.

Comparece Jorge N. Betancourt CRL (en adelante, JBN)[1] mediante un recurso de *Apelación*. Nos solicita la revocación de una *Sentencia Parcial*, emitida y notificada el 2 de mayo de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el referido dictamen, el foro primario declaró *Ha Lugar* una solicitud de desestimación presentada por L.C.A. Construction and Managment (en adelante, L.C.A. Construction) al amparo de la Regla 10.2(5) de Procedimiento Civil.

Por los fundamentos que exponemos a continuación, confirmamos la *Sentencia* apelada.

### I.

El 8 de enero de 2024, JBC instó una *Demanda Enmendada*[2] contra L.C.A. Contractors, Inc. (en adelante, L.C.A. Contractors), L.C.A.

---

[1] Dicha entidad es una corporación de Responsabilidad Limitada.
[2] El 1 de febrero de 2023, la parte demandante presentó su *Demanda* contra L.C.A Contractors. No surge de dicha reclamación una alusión a L.C.A. Construction and Managment. Véase Apéndice de la corporación apelante, págs. 1-5.

Construction, CPH, PSC, y la Compañía de Seguros ABC, entre otros.[3] En ajustada síntesis, alegó que suscribió un contrato de servicio con L.C.A. Contractors y CPH para efectuar unas mejoras en el Centro Comercial Borinquen de Carolina. En lo pertinente, indicó que L.C.A. Contractors acordó realizar el trabajo de conformidad a los códigos de construcción y a tenor con los planos de CPH. No obstante, adujo que a principio de 2022, percibió que varias viguetas del techo no estaban ancladas a las columnas de cemento del edificio. Por lo anterior, solicitó $138,500.00 en concepto de daños y perjuicios por incumplimiento contractual más $20,000.00 en costas y honorarios. **Puntualizó, por último, que L.C.A. Construction es una entidad sucesora de L.C.A. Contractors o una afiliada de ésta, subcontratada por esta última**. (Énfasis nuestro).[4]

En respuesta, L.C.A. Contractors, Inc. presentó *Oposición a Enmienda a la Demanda*.[5] En esencia, sostuvo que la parte demandante pretende enmendar la reclamación para incluir como parte a L.C.A. Construction, a pesar de que no participó del proyecto de construcción ni tampoco figura en el contrato objeto del litigio. No obstante, el tribunal apelado emitió una *Orden*, en la cual permitió la presentación de la *Demanda Enmendada*.[6]

Luego de una serie de trámites procesales, L.C.A. Construction sometió una *Moción en Solicitud de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil*.[7] En esta, distinguió que es una corporación distinta a L.C.A. Contractors. Sostuvo que la referida corporación continúa activa en el Departamento de Estado, y no tiene una entidad sucesora. Señaló que al momento de suscribir el contrato L.C.A. Construction no existía. Por tanto, argumentó no es parte del contrato en cuestión. En vista de lo anterior, peticionó la desestimación, pues la *Demanda* no expone una alegación que justifique la concesión de un remedio.

---

[3] Apéndice de corporación apelante, págs. 12-62.
[4] Apéndice de corporación apelante, pág. 14.
[5] Apéndice de corporación apelante, págs. 63-66.
[6] Apéndice de corporación apelante, pág. 66.
[7] Apéndice de corporación apelante, págs. 71-75.

Por su parte, JBN presentó una *Moción Oposición a Solicitud de Desestimación*.[8] En este escrito, expuso que aunque L.C.A. Construction no es parte del contrato aludido, fue subcontratada por L.C.A. Contractors para efectuar los trabajos pactados. Alegó que nunca se le informó respecto a dicha subcontratación. Añadió que se enteró sobre este particular cuando recibió las *Contestaciones al Primer Pliego de Interrogatorios y Reglamentos*. A su vez, indicó que al momento de los trabajos L.C.A. Construction se encontraba inscrita en el Departamento de Estado. Arguyó, además, que el informe de la firma de ingeniería contiene claros hallazgos que demuestran los daños provocados por esta corporación. En vista de lo anterior, sostuvo que no procede la desestimación peticionada.

Tras considerar detenidamente los argumentos de las partes, el 2 de mayo de 2024, el Tribunal de Primera Instancia dictaminó y notificó *Sentencia Parcial*, en la cual desestimó la *Demanda* contra L.C.A Construction.[9] Al respecto, esbozó el siguiente razonamiento legal:

> Luego de evaluado la solicitud de desestimación y la Oposición, así como las alegaciones de la demanda enmendada procedemos a desestimar la reclamación contra LCA Construction & Management, Inc. Como expusimos anteriormente, en la demanda enmendada solamente se menciona a la corporación LCA Construction & Management, Inc., en la alegación 19 y 20. Dichas alegaciones se limitan a indicar que dicha corporación fue subcontratada para realizar las obras de construcción y que dicha corporación es la sucesora de LCA Contractors. Las alegaciones de la demanda enmendada son a base del incumplimiento de contrato y daños y perjuicios relacionados al contrato suscrito el 7 de abril de 2015 entre Jorge N. Betancourt, CRL v. LCA Contractors, Inc.
>
> Según fue reconocido por la parte demandante, la codemandada LCA Construction & Management, Inc., no es parte en dicho contrato. La parte demandante arguye que la reclamación contra LCA Construction es una extracontractual. No obstante, no surge de la demanda enmendada alegaciones dirigidas a LCA Construction sobre actos u omisiones negligentes cometidos por dicha corporación. Por el contrario, todas las alegaciones de la demanda enmendada son a base del incumplimiento con las cláusulas y condiciones establecidas en el contrato del 7 de abril de 2015. En virtud de lo anterior, se declara Ha Lugar la solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil.[10]

---

[8] Apéndice de corporación apelante, págs. 77-82.
[9] Apéndice de corporación apelante, págs. 88-90.
[10] Apéndice de corporación apelante, pág. 89.

En desacuerdo con tal dictamen, el 30 de mayo de 2024, JBN acudió ante nos mediante un escrito de *Apelación*. En su recurso, presentó el siguiente señalamiento de error:

**Erró el Honorable TPI al declarar con lugar la Solicitud de Desestimación bajo la Regla 10.2(5) de Procedimiento Civil cuando las alegaciones de la demanda aducen unas causas de acción plausibles en contra de la codemandada L.C.A. Construction & Managment.**

El 5 de junio de 2024, esta Curia emitió *Resolución* ordenando a la parte apelada a presentar su alegato dentro del término establecido en el Reglamento del Tribunal de Apelaciones. Eventualmente, el 1 de julio de 2024, L.C.A. Construction presentó una *Moción en Solicitud de Prórroga para Presentar Alegato en Oposición a Apelación*. En virtud de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), prescindimos de dicho escrito en aras de ofrecer un despacho justo y eficiente de la controversia ante nuestra consideración.

**II.**

**A. Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a la parte demandada solicitar la desestimación de la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1065 (2020), (citando a *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 569 (2001)). La precitada regla fija los siguientes fundamentos para solicitar la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; **(5) dejar de exponer una reclamación que justifique la concesión de un remedio;** y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2. (Énfasis nuestro).

En lo pertinente, el inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra*, permite la desestimación de una demanda bajo el fundamento de

que no expone una reclamación que justifique la concesión de un remedio. En este contexto, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorables a la parte demandante. *López García v. López García*, 200 DPR 50, 69 (2018); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015). En específico, **debe considerar ciertos todos los hechos bien alegados en la demanda que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas**. *Accurate Solutions v. Heritage Environmental*, 193 DPR 423, 433 (2015). (Énfasis nuestro). No obstante, "no procede la desestimación a menos que se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación". *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012). Ahora bien, no procede la desestimación si la demanda es susceptible de ser enmendada. *Accurate Sols. v. Heritage Environmental*, *supra*, pág. 433*; Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 429 (2008).

Ante una moción de tal naturaleza, "resulta evidente interpretar las alegaciones conjunta y liberalmente a favor del promovido". *Torres, Torres v. Torres Serrano*, 179 DPR 481, 502 (2010); *Sánchez v. Aut. de Los Puertos*, supra, pág. 570. El tribunal debe examinar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Colón v. Lotería*, 167 DPR 625, 649 (2006); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

**B.     Normas generales de las alegaciones a tenor con la Regla 6.1 de Procedimiento Civil**

Nuestro ordenamiento procesal no exige requisitos complicados para la redacción de una demanda. *León Torres v. Rivera Lebrón*, 204 DPR 20, 40 (2020). A tales efectos, la Regla 6.1 de Procedimiento Civil, 32 LPRA

Ap. V, R. 6.1, dispone los elementos esenciales que debe contener una alegaciones:

> **(1) Una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y**
>
> **(2) una solicitud del remedio a que crea tener derecho. Podrán ser solicitados remedios alternativos o de diversa naturaleza.**
>
> **Podrán ser solicitados remedios alternativos o de diversa naturaleza**. (Énfasis nuestro).

Esta normativa "tiene el único propósito de notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra y ésta pueda comparecer si así lo desea". *Torres, Torres v. Torres Serrano*, *supra*, pág. 501; *Sánchez v. Aut. de los Puertos*, *supra*, págs. 569-570. La finalidad esencial de las alegaciones es alertar a la parte adversa en el proceso sobre los hechos y las reclamaciones a las que debe hacer frente en el transcurso del trámite judicial. *León Torres v. Rivera Lebrón*, *supra*, pág. 40. De modo que, la información contenida en la demanda se encuentre a tono con los requisitos mínimos del debido proceso de ley. Íd.

En *Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384, 397 (2022), el Tribunal Supremo de Puerto Rico discute el análisis para atender una solicitud de desestimación fundamentada en insuficiencia de las alegaciones:

> **[A]l interpretar de manera conjunta las citadas Reglas 6.1 y 10.2, podemos colegir que cuando se pretende desestimar la totalidad de una demanda que solicita remedios alternativos, se debe examinar si las alegaciones sustentan la concesión de dichos remedios. Es decir, como las alegaciones pretenden bosquejar las distintas reclamaciones y proveer a cada una de ellas unos remedios, una moción de desestimación sobre la totalidad de la demanda debe mover la conciencia del juzgador a concluir que, si al dar por cierto las alegaciones bien hechas, no existe remedio al que la parte tenga derecho. El juzgador deberá auscultar, en ese sentido, si la parte demandante no tiene derecho alguno a que se ventile el pleito, ya sea al amparo del remedio principal o del alternativo. Tras este proceder, y luego de un examen pormenorizado, este estará en mejor posición de decidir si en efecto desestima total o parcialmente la demanda**. (Énfasis nuestro).

En aras de evitar un dictamen desestimatorio, la alegación "debe contener un grado suficiente de información sobre sobre las imputaciones

de suerte que le permita a la parte demandada entender la sustancia de lo que debe defender". *León Torres v. Rivera Lebrón, supra*, pág. 41 (citando a J.A. *Echevarría Vargas, Procedimiento civil puertorriqueño*, 1ra ed. rev., 2012, pág. 86).

**III.**

En su escrito apelativo, JBN señala que incidió el Tribunal de Primera Instancias al desestimar parcialmente la causa de acción instada contra L.C.A. Construction. Argumenta que surge información suficiente de la *Demanda* para apoyar su reclamación basada en negligencia, toda vez que la mencionada corporación incurrió en una deviación de las especiaciones del plano construcción. Sostiene que las alegaciones están respaldadas en la prueba documental anejada a la reclamación judicial y en las contestaciones recogidas en el *Primer Pliego de Interrogatorios* juramentado por el señor Ramón Rivera, quien es presidente de L.C.A Contractors y L.C.A. Construction. Por tanto, aduce que el foro primario debió denegar la solicitud de desestimación, pues la *Demanda Enmendada* expone una reclamación plausible en torno a daños y perjuicios.

Tras examinar sosegadamente el expediente ante nuestra consideración, determinamos que el foro primario resolvió conforme a derecho al dictar *Sentencia Parcial* desestimatoria. Surge de la *Demanda Enmendada* que la parte apelante presentó las siguientes alegaciones en contra de L.C.A. Construction:

> **19. La codemandada LCA Construction & Managment, Inc. fue contratada por LCA para realizar las obras de construcción en el proyecto JBN.**
>
> **20. Por información o creencia, la codemandada LCA Construction & Managment, Inc. es la sucesora de LCA y/o es afiliada a ésta.** (Énfasis nuestro).[11]

A la luz del marco legal discutido, hemos considerado como cierto todos los hechos alegados en conjunto con el material documental anejado en la *Demanda*. A su vez, interpretamos las alegaciones de la forma más favorable a la parte demandante.  Sin embargo, concluimos que la

---

[11] Apéndice de corporación apelada, pág. 14.

reclamación instada contra L.C.A. Construction no aduce hechos específicos que justifiquen la concesión de un remedio. **Recordemos que la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, exige elaborar una relación sucinta de los hechos demostrativos sobre los cuales el demandante alega tener un remedio. Asimismo, la precitada disposición requiere exponer una solicitud del remedio al cual tiene derecho o peticionar remedios alternativos o de diversa naturaleza**. (Énfasis nuestro).

No obstante, las limitadas alegaciones esbozadas por JBN no permiten conocer L.C.A. Construction cuáles son las reclamaciones levantadas en su contra. Meramente, la entidad demandante alude que la parte apelada fue subcontratada por L.C.A Constructor para efectuar la obra de construcción. Agrega que la corporación apelada es sucesora o afiliada de esta última. **Tal exposición fáctica no constituye una alegación a tenor a los criterios procesales previamente reseñados**.

Antes tales alegaciones, la parte demandante coloca a dicha corporación en un estado de indefensión en contravención de su debido proceso de ley. **Adviértase, pues, que las alegaciones deben "contener un grado suficiente de información sobre sobre las imputaciones de suerte que le permita a la parte demandada entender la sustancia de lo que debe defender"**. *León Torres v. Rivera Lebrón*, *supra*, pág. 41 (citando a J.A. *Echevarría Vargas, Procedimiento civil puertorriqueño*, *supra*, pág. 86). (Énfasis nuestro). En vista de lo anterior, reiteramos que las alegaciones presentadas no exhiben las especificaciones procesales necesarias que le permitan a L.C.A Construction entender la naturaleza del reclamo instado en su contra.

Por consiguiente, nos abstenemos de intervenir en la determinación judicial. Resolvemos que el foro primario no abusó de su discreción, ni incurrió en prejuicio, parcialidad, o error manifiesto al desestimar la *Demanda Enmendada*. Así expuesto, concedemos deferencia al dictamen desestimatorio.

## IV.

Evaluados los fundamentos que anteceden, confirmamos la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones